## MARGARET YOUNG *vs.* STEPHEN YOUNG, JOHN WELLS, and others,

1. An agreement by the complainant with the mortgagor, in a suit for foreclosure, his claim and costs having been paid in full, that the suit shall be no further prosecuted, binds the complainant only.

2. A defendant who has been allowed to proceed with the suit in the complainant's name, under Rule XIV, ¿ 9, may enforce the payment of his demand by means of such suit, though the complainant's debt be paid in full or he have given the mortgagor further time.

3. Where an answer is filed, to which there is neither exception nor replication, the cause should be set down for hearing upon bill and answer; and a decree *pro confesso* and order of reference cannot be taken except by consent of the defendant. But where the cause is conducted and the decree taken at the instance of the defendant who has answered, his entering the decree is a waiver of his rights and a consent to the decree.

4. Full costs will not be allowed a mortgagee upon his answer spun out by long recitals from the bill touching other encumbrances, for the mere purpose of admissions.

*Mr. Leport,* for Stephen Young, in support of the motion.

*Mr. E. W. Scudder,* for John Wells, one of the defendants, contra.

THE CHANCELLOR. The complainant having filed a foreclosure bill and made other encumbrancers parties, refused to proceed and suffered a term to be lost. Thereupon one of the defendants who had come in and answered, took an order upon the complainant to proceed; and upon her failure to do so, the defendant was allowed to proceed with the suit in complainant's name, pursuant to Rule XIV, § 9, (*Rules, p.* 35.)

A decree *pro confesso* having, in the further prosecution of the suit, been taken against the mortgagor and another defendant in the cause who had not answered, the mortgagor now asks that the decree be set aside and the complainant's bill dismissed.

The application to dismiss the bill must have been made,

either under a mistake of fact, or a total misapprehension of the rule of practice. On the 6th of October, 1863, and before the time for answering had expired, Wells, one of the defendants, filed his answer. On the 27th of October, 1863, the mortgagor paid the complainant's claim and costs in full, and received from her solicitor a stipulation that the suit should be no further prosecuted. He subsequently offered to pay to Wells, the defendant, the amount of his mortgage debt, but refusing to pay his costs, the money was not accepted, and the defendant was thereafter authorized to proceed with the suit.

It seems to have been supposed that a court of equity would not suffer the suit to be proceeded with in direct violation of the complainant's agreement, either by the complainant, or by any other party in his name. This is true, so far as relates to the complainant's own demand. But the design and operation of the rule is to prevent any arrangement between the complainant and the mortgagor, operating to delay or defeat the suit to the prejudice of other encumbrancers, who have appeared and answered. Prior to the adoption of the rule, if the progress of the suit was delayed or arrested by any arrangement between the complainant and the mortgagor, the only remedy of the other encumbrancers who were made defendants, would have been to dismiss the complainant's bill, and institute new proceedings in their own name. To avoid this inconvenience and delay, whenever a complainant from any cause refuses to proceed, the rule authorizes an encumbrancer who has answered, to proceed with the cause to decree and execution in the name of the complainant. No act or agreement of the complainant can interfere with the exercise of this right by the defendant. The complainant's debt may be paid in full, or he may stipulate to give further time to the mortgagor ; and the defendant who has answered, may nevertheless enforce the payment of his demand, by means of the suit instituted by the complainant.

But it is insisted, that if the defendant was authorized to

proceed, the decree *pro confesso* is irregular, because no rule to show cause, or other notice of the proceeding, was served upon the mortgagor. The rule, without prescribing *how* the suit shall be proceeded in, simply authorizes the defendant to proceed with the cause to decree and execution in the complainant's name. It transfers the conduct of the suit to the defendant, substituting him in the place of the complainant for that purpose. In the absence of any express provision to the contrary, it must leave him subject to the same rules in the conduct of the suit, that the complainant himself would have been, if he had proceeded with the cause. By Rule XIV, § 8 (*Rules, p* 35), the complainant, who omits to take a decree *pro confesso* before the expiration of the term next after the time has elapsed when he is entitled to it, is prohibited from moving such decree until he has served upon the defendant an order to answer, *except* in cases where the time for final decree in the same cause against other defendants shall not have arrived. This case falls within the exception. The time for final decree against the defendant who had answered, had not arrived. The complainant, therefore, by the terms of the rule, would not have been bound to rule the defendant to answer before taking a decree *pro confesso*. The decree therefore was taken in strict pursuance of the rule, and in compliance with the practice of the court.

It might seem at first view, where a complainant refuses further to prosecute his claim, that the fair presumption is that the claim is satisfied, or the right to prosecute waived, and that before another party should be permitted to prosecute the suit, the defendant should have an opportunity of showing cause against it. But the answer is that a payment of the complainant's demand, or a stipulation by him not to prosecute the suit, is no objection to the prosecution of the suit by another encumbrancer for his own benefit. If, in the further progress of the suit, any surprise is occasioned or injustice done to the mortgagor, that would afford distinct ground for relief. But there is here no complaint of surprise or wrong. The only objection is that the proceeding

was irregular, and the sole inquiry is whether the decree was entered in violation of the rules or practice of the court.

The decree is apparently open to another objection, viz. that instead of proceeding to a decree, the cause should have been set down for hearing upon the answer. When an answer is filed to which there is neither exception nor replication, the cause should be set down for hearing upon bill and answer, and a decree *pro confesso* and order of reference cannot be taken except by consent of the defendant. *Nix. Dig.* 99, § 28; *Wright* v. *McKean,* 2 *Beas.* 259.

But here the cause is conducted and the decree taken, at the instance of the defendant who has answered. It was *his* right to have the cause set down for hearing. He may waive that right and consent to a decree. He has done so by causing the decree to be entered. A written consent by the defendant who has answered to the entry of the decree is sometimes filed, but it cannot be necessary where the defendant himself is the actor. His consent is a necessary inference.

There is nothing in the objections urged against the validity or regularity of the decree. The motion of the defendant must therefore be denied, and the rule to show cause discharged.

The whole controversy has grown out of a difference between the solicitors of the parties, in regard to the right of the mortgagee who has answered, to receive costs. The entire mortgage debt has been paid by the mortgagor into the hands of his solicitor, who proffers himself ready and willing to pay as soon as the right is settled. The parties have already been subjected to unnecessary expense, and it is proper that such direction be now given, as shall render further controversy unnecessary.

There is a decree *pro confesso* in favor of the complainant upon his mortgage. The master, by the order of reference, was directed to ascertain and report the amount due upon that mortgage. He has not done so, but has simply reported

that the mortgage was not produced before him. That amounts to nothing by way of defence to the claim. The decree establishes the complainant's right to recover upon the mortgage. Her failure to proceed with the suit does not extinguish the right, or deprive her of the lien of the encumbrance, although the mortgage was not produced before the master. The evidence before the master clearly showed that the amount due to the complainant upon her mortgage had been fully paid and satisfied since the filing of the bill of complaint. It is due to the mortgagor that that fact should distinctly appear upon the record. If the cause should proceed to a final decree, this omission in the report must be supplied.

Before proceeding to final decree, an opportunity should be afforded to the mortgagor of paying the debt and costs. Ten days from the date of this order will be allowed for that purpose, before the cause is further proceeded with. If the debt and costs are paid, the clerk, in the taxation of costs, will allow for twelve folios only in the defendant's answer. It is unnecessary and improper in a mortgagee, while setting up his own mortgage, to spin out his answer by long recitals from the bill touching other encumbrances, for the mere purpose of admissions. It serves no purpose but to encumber the files of the office and increase costs.